IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**STEPHANIE MOORE**
**On behalf of herself and all others similarly**
**situated**                                                                                          **PLAINTIFF**


**V.                              CASE NO. 4:10CV00262 JMM**


**HOBBY LOBBY STORES INC.**                                                                  **DEFENDANT**


**ORDER**

Pending before the Court is defendant's Motion for Order to Compel Arbitration and

Dismiss Action, or Alternatively Motion to Dismiss (#4).  For the reasons stated below, the

Motion for Order to Compel Arbitration is granted and the Motion to Dismiss is dismissed as

moot.

On December 8, 2009, plaintiff completed an employment application for a managerial

position with defendant.  The application contained an Arbitration Agreement ("Agreement")

which plaintiff signed and which stated

> [a]s part of, and in consideration for, accepting my application for employment
> for review, and in consideration for the Company's mutual agreement to arbitrate,
> I hereby agree that any claim or controversy ("Dispute") I may have against the
> Company . . . relating to my application . . . employment. . . shall be submitted to
> and settled by final and binding arbitration in the County and State in which the
> applicant applies.  Such arbitration shall be conducted pursuant to the American
> Arbitration Association's National Rules for the Resolution of Employment
> Disputes.

*See* Motion for Order to Compel Arbitration, Ex. A at 1. [1]

The Agreement also provides that

"[Plaintiff] understand[s] and agree[s] that the Company is engaged in transactions involving interstate commerce, that this arbitration provision evidences a transaction involving commerce, and that this arbitration provsion is subject to the Federal Arbitration Act.

*See Id.*

Finally, the Agreement includes all tort, common law, and contract claims, but excludes workers' compensation issues or unemployment benefit claims. *Id.*

Plaintiff contends that the Agreement lacks mutuality and consideration, and that the Arkansas Uniform Arbitration Act ("AUAA") applies to her case.

State law governs the determination of whether the parties have agreed to arbitrate. *See Lyster v. Ryan's Family Steak Houses, Inc.*, 239 F.3d 943, 946 (8th Cir. 2001). "[M]utuality requires that the terms of the agreement must fix a real liability upon the parties*." The Money Place, LLC v. Barnes,* 349 Ark. 411, 415, 78 S.W.3d 714, 717 (2002). "Consideration has been defined as any benefit conferred or agreed to be conferred upon a promisor to which he is not lawfully entitled, or any prejudice suffered or agreed to be suffered by a promisee other than that which he is lawfully bound to suffer." *Landmark Savings Bank v. Weaver-Bailey Contractors, Inc.*, 22 Ark.App. 258, 262, 739 S.W.2d 166, 168 (1987).

Under the Agreement defendant agrees to accept plaintiff's application and to mutual arbitration, and plaintiff agrees to arbitration of her claims. Plaintiff contends consideration and mutuality are lacking because defendant's agreement to accept her application and to mutually

---

[1] *See Johnson v. United States*, 534 F.3d 958 (8th Cir. 2008) (trial courts may allow affidavits and other documents to resolve disputed subject matter jurisdictional facts).

arbitrate are illusory because defendant was obligated to accept her application and because there are no possible claims that defendant would have against plaintiff requiring arbitration as workers' compensation issues are excluded from arbitration in the Agreement.

Plaintiff has failed to submit any legal authority that all employers must accept every employment application. Moreover, plaintiff states in her brief that defendant did not advertise for the position and her application states she was not referred by an advertisement or agency. *See* Pl. Brief in Support at 7, Motion for Order to Compel Arbitration, Ex. A at 3. Had defendant advertised or used an employment agency, plaintiff's argument on this issue would have been more persuasive. Moreover, defendant is bound by the Agreement to arbitrate valid claims such as replevin, conversion, and breach of contract. The Court finds that there is mutuality and consideration to support a contract and that the Agreement is valid.

Under the Agreement, both parties are required to submit application disputes to arbitration. Plaintiff's claims are that defendant "refus[ed] to allow her to apply for the Assistant Manager position" and that plaintiff is a member of a class which "consist of Plaintiff and all African-Americans who have applied for, or who have been denied the right to apply for, management positions." *See* Pl. Amended Complaint at 2-3.

The Court finds that the disputes fall within the coverage of the Agreement. *See Gannon v. Circuit City Stores, Inc.*, 262 F.3d 677, 680 (8th Cir. 2001) (Courts "determine simply whether the parties have entered a valid agreement to arbitrate and, if so, whether the existing dispute falls under the coverage of the agreement.").

Plaintiff's last argument is that the AUAA applies to her case and that under the AUAA her claims, which sound in tort, are not subject to arbitration. *See* Ark. Code Ann. § 16-108-201 (Arkansas Uniform Arbitration Act does not apply to "personal injury or tort matters, employer-

employee disputes, nor to any insured or beneficiary under any insurance policy or annuity contract."); *Hassan v Arkansas Methodist Hospital Corp.*, 2010 WL 1961371 (E.D. Ark 2010) ("civil rights counterclaim sounds in 'personal injury or tort,' and is not arbitrable under the AUAA).

Under Arkansas law, when "the parties designate in the arbitration agreement which arbitration statute they wish to have control, the court should apply their choice*." See Terminix Int'l Co. V. Trivitt*, 104 Ark. App. 122, 126, 289 S.W.3d 485, 488 (2008). Here, the Agreement states that the parties agree that the FAA will apply. Moreover, the Arkansas Court of Appeals has stated that tort claims can be arbitrated under the FAA. *See Pest Management, Inc. v. Langer*, 96 Ark. App. 220, 224 n.1, 240 S.W.3d 149, 153 n.1.

IT IS THEREFORE ORDERED that the clerk administratively terminate the action in his records, without prejudice to the right of the parties to reopen the proceedings for good cause shown for the entry of any stipulation, order, or for any other purpose required to enforce an arbitration award.   Provided however, this case will not be reopened unless within 60 days of the final disposition of the above proceeding an application to reopen is filed herein by one or more parties to this action.  If no such motion to reopen is filed within said 60-day period this order shall be deemed a dismissal with prejudice of all claims made in this case.

IT IS SO ORDERED this 29 day of July, 2010.

_____
James M. Moody
United States District Judge